# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALVIN L. BLIZZARD,**

            **Plaintiff,**

            v.                                       Case No. 18-CV-1633

**DEPARTMENT OF CORRECTIONS,**

            **Defendant.**

## ORDER

Plaintiff Alvin Blizzard, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the Department of Corrections violated his constitutional rights. He also filed motions asking that he be permitted to proceed without prepayment of the civil case filing fee under 28 U.S.C. § 1915 and that the court recruit a lawyer to represent him on a volunteer basis. The court has jurisdiction to resolve Blizzard's motions and screen his complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motions for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act applies to this case because Blizzard was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his case without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

The court found that Blizzard lacks the assets and means to pay an initial partial filing fee. Accordingly, on November 8, 2018, the court waived that requirement. The court gave Blizzard until November 29, 2018, to indicate whether he would like to voluntarily dismiss his case to avoid potentially incurring a strike. The court did not hear from him, so it infers that he wants to proceed with his case. The court will grant his motions to proceed without prepaying the filing fee. Blizzard must pay the $350 filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**2.1 The Complaint's Allegations**

Blizzard alleges that he arrived at his probation office in June 2017 for scheduling with probation personnel. According to Blizzard, he was sexually assaulted and bribed by the probation personnel in exchange for a transitional living program/housing. Blizzard asserts that, when he told Corrections administrators, they did nothing to address the situation. Instead, his probation was revoked and he was sent back to jail.

3

**2.2 Analysis**

The Department of Corrections is the only defendant Blizzard sues. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citations omitted); *Myers v. Dept. of Corrections*, 655 F. App'x 500, 503 (7th Cir. 2016). Because the Department of Corrections is not a proper defendant, Blizzard cannot pursue claims against it. *Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006).

The court will allow Blizzard to file an amended complaint to name as defendants the individuals he wants to sue. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, because § 1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), Blizzard should name as defendants those individuals who he believes are personally responsible for violating his constitutional rights. Employers will not be liable for the misdeeds of their employees, supervisors will not be liable for the misdeeds of their subordinates, and employees will not be liable for the misdeeds of their co-workers.

In his amended complaint Blizzard should name as defendants the people who allegedly sexually assaulted him and who allegedly retaliated against him by revoking

4

his probation in response to him complaining about the sexual assault. If he does not know their names, he can use a John Doe placeholder (e.g., John Doe Probation Agent). If, after screening his amended complaint, the court allows him to proceed with claims against Doe defendants, Blizzard may use discovery to learn the names of the Does. As a reminder, Blizzard should include enough facts in his amended complaint to to address the basic questions of who violated his constitutional rights and what that person did or did not do to violate them.

Finally, the court notes that, in addition to money damages, Blizzard requests that the court overturn his revocation disposition. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations omitted). Instead, he must seek federal habeas corpus relief or appropriate state court relief. *Id.* Accordingly, a § 1983 case is not the proper way for Blizzard to request that he be released.

### 3. *Motions to Appoint Counsel*

In a civil case the court has discretion to recruit a lawyer for individuals who are unable to afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, the plaintiff must make reasonable efforts to hire a lawyer on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff demonstrates that he has made those efforts, the court will decide "whether the difficulty of the case—factually and legally—

5

exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

Blizzard asserts that he contacted three lawyers, but they declined to represent him. Thus, he has satisfied the first step in the *Pruitt* process. But because the court believes Blizzard is able to prepare an amended complaint explaining why he believes his constitutional rights were violated, which is all he must do at this point, it will deny his motions. As the case progresses, the court will continue to evaluate whether Blizzard is capable of representing himself.

## ORDER

The court **GRANTS** Blizzard's motions for leave to proceed without prepayment of the filing fee (ECF Nos. 2, 6).

The court **DENIES without prejudice** Blizzard's motions to appoint counsel (ECF Nos. 11, 13).

The court **ORDERS** that Blizzard shall file an amended complaint that complies with the instructions in this decision. The court **ORDERS** that Blizzard shall file his amended complaint by **January 11, 2018**. If the court does not receive Blizzard's amended

complaint by that date, it will conclude that he no longer wishes to pursue his case and will dismiss the case without prejudice based on Blizzard's failure to diligently prosecute it. If Blizzard no longer wants to pursue this case, he does not need to take any further action.

The court **ORDERS** that the agency having custody of Blizzard shall collect from his institution trust account the $350 filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Blizzard transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Blizzard's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Blizzard is confined.

The court **ORDERS** that Blizzard shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Blizzard that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 11th day of December, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge