# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALVIN L. BLIZZARD,**

    Plaintiff,

  v.                           Case No. 18-CV-1633

**PETER J. MARIK and**
**JOHN DOE,**

    Defendants.

## ORDER

Plaintiff Alvin Blizzard, who is representing himself, filed a complaint under 42 U.S.C. § 1983, which the court screened on December 11, 2018. The court gave Blizzard the opportunity to file an amended complaint. He did so on December 26, 2018. The Prison Litigation Reform Act applies to this case because Blizzard was incarcerated when he filed his complaint. That law requires courts to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

As the court explained in its screening order, the court must dismiss a complaint or portion thereof if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915A(b). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Blizzard alleges that on June 6, 2017, he arrived at a scheduled appointment with his probation officer, defendant John Doe. Blizzard asserts that he told Doe that he was having trouble finding housing. According to Blizzard, Doe told him and/or gestured that, if Blizzard engaged in a sexual act with him, he would sign Blizzard up for transitional housing. Blizzard states that Doe walked to his side of the desk and pressed his private area into Blizzard's shoulder. Doe allegedly indicated that, if Blizzard did not engage in a sex act with him, he would not sign him up for transitional housing.

Blizzard alleges that he told the administrator, defendant Peter J. Marik, about this incident, but he did nothing. According to Blizzard, the administrative supervisor had to order Marik to respond. Blizzard asserts that Marik made matters worse by leaving him at that location, giving him a new probation agent, and locking him up, after which his probation was revoked. Blizzard believes that Marik revoked his probation because Blizzard complained to Marik's boss about his lack of response to Blizzard's complaint.

The court will allow Blizzard to proceed on an Eighth Amendment claim against John Doe based on his allegations that he requested sexual favors in exchange for a housing accommodation. *See Calhoun v. DeTella*, 319 F.3d 936, 939-40 (7th Cir. 2003).

The court also will allow Blizzard to proceed against Marik on a deliberate-indifference claim based on his allegations that Marik initially ignored complaints that Doe was sexually harassing Blizzard. *See Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2009) (explaining that, to state a claim, a plaintiff need only allege that the official turned a blind eye to the misconduct). Blizzard may also proceed on a retaliation claim against Marik based on his allegations that Marik revoked his probation in response to Blizzard complaining to Marik's boss about Marik's alleged failure to respond to Blizzard's complaints. *See Bridges v. Gilbert*, 557 F.3d 541, 546-52 (7th Cir. 2009) (holding that speech consistent with legitimate penological interests is protected by the First Amendment and therefore may support a retaliation claim).

Because Blizzard does not know the name of the Doe defendant, he will have to use discovery to learn his name. After Marik responds to Blizzard's complaint, the court will enter a scheduling order setting deadlines for discovery and the filing of dispositive motions. After the court enters a scheduling order, Blizzard can serve discovery on Marik by mailing written questions (called interrogatories) and document requests to Marik's lawyer. *See* Fed. R. Civ. P. 33 and 34. After Blizzard learns the name of the Doe, he should file a motion to substitute the name for the Doe placeholder. Blizzard may not serve discovery on Marik until *after* the court enters a scheduling order.

**ORDER**

**IT IS THEREFORE ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Blizzard's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Peter J. Marik.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Peter J. Marik shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 7th day of January, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge