# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALVIN L. BLIZZARD,**

    Plaintiff,

  v.                                             Case No. 18-CV-1633

**PETER J. MARIK,** *et al.***,**

    Defendants.

## ORDER

On February 21, 2019, plaintiff Alvin Blizzard filed a motion for the issuance of five subpoenas to the following non-parties: the warden and security director of Milwaukee Secure Detention Facility, the chief of police and a Jane Doe detective, the governor of Wisconsin, the secretary of the Department of Community Corrections, and various administrators at the Department of Corrections. (ECF Nos. 29, 29-1.) The court will deny Blizzard's motion because courts do not issue subpoenas.

A party may seek to compel a non-party to provide requested documents by serving that person with a subpoena. Fed. R. Civ. P. 45. A person wishing to issue a subpoena must ask the clerk of court to provide him with a subpoena form; the clerk of court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3). The requesting party must then complete the form and make

arrangements and pay for someone to serve the subpoena on the individuals from whom he wants to obtain the documents.

The party seeking a subpoena (here, Blizzard) is responsible for paying the associated costs even if the court has found that the party is indigent. *See Armstead v. MacMillian*, 58 Fed.Appx. 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants . . . ."); *Nail v. Gutierrez*, Case No. 06-cv-292 , 2007 WL 425535 at *1 (N.D. Ind. Nov. 30, 2007) (unpublished) (". . .28 U.S.C. §1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs") (citations omitted). Courts do not place the financial burden of a party's discovery on non-party individuals or on the opposing party.

Given the associated costs, incarcerated plaintiffs rarely rely on subpoenas to collect the information they need to prosecute their cases. Instead, they rely on the discovery process by serving interrogatories, requests for admission, and requests for the production of documents. *See* Fed. R. Civ. P. 33, 34, 36. As the court explained to Blizzard a few weeks ago (*see* ECF No. 28), he may begin serving discovery requests *after* the defendants have had an opportunity to respond to his amended complaint and the court enters a scheduling order setting the deadlines for the completion of discovery and for the filing of dispositive motions.

**THEREFORE, IT IS ORDERED** that Blizzard's motion for the issuance of subpoenas (ECF No. 29) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of February, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge