UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN L. BLIZZARD,

                Plaintiff,

v.                              Case No. 18-cv-1633-pp-wed

PETER J. MARIK, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 50), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 51) AND DISMISSING CASE**

Plaintiff Alvin Blizzard, who is representing himself, is proceeding on claims that defendant Steven Peterson sexually harassed him while he was on supervision and that defendant Peter Marik ignored his complaints about the harassment. Dkt. No. 18, 20.

On July 19, 2019, the plaintiff filed a three-page document he titled "Motion for Summary Judgment." Dkt. No. 50. The plaintiff's motion does not comply with Civil Local Rules 56(b)(1)(A) and (C) (E.D. Wis.), which require a party moving for summary judgment to include with the motion "a memorandum of law" and "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." The plaintiff had notice of these requirements; the court had provided the plaintiff with a copy of the rule in its March 11, 2019 scheduling order. Dkt. No. 33. The plaintiff's "motion" is an affidavit (although it doesn't appear to have been witnessed or notarized),

1

re-stating the facts he alleged in his complaint. As noted in Local Rule 56(b)(1)(C)(iii), a moving party's failure to submit a statement of proposed material facts "constitutes grounds for denial of the motion." Because the plaintiff did not comply with Local Rule 56, the court will deny his motion. See Wilson v. Kautex, Inc., 371 Fed. App'x 663, 664 (7th Cir. 2010) (finding that a district court may enforce its local rules even though a party is *pro se*).

About a month after the plaintiff moved for summary judgment, the defendants moved for summary judgment. Dkt. No. 51. The plaintiff did not timely respond to the motion, so Magistrate Judge William Duffin (to whom the court had referred the case for pretrial matters) gave the plaintiff an additional opportunity to respond to the motion or to explain why he was unable to respond. Dkt. No. 59. On September 23, 2019, the plaintiff notified the court that he hadn't received the defendants' summary judgment materials. Dkt. No. 60. He asked for an extension of time to respond to the motion. Judge Duffin granted the plaintiff's motion and ordered the defendants to re-send their summary judgment materials to the plaintiff. Dkt. No. 61. Judge Duffin cautioned the plaintiff that if he did not respond to the defendants' motion by November 4, 2019, the court would grant the motion based on his failure to respond to it under Civil L.R. 7(d), and would dismiss the case based on his failure to diligently prosecute it under Civil L.R. 41(c).

The deadline Judge Duffin set for the plaintiff to respond to the motion—November 4, 2019—has passed, and the court has not received the plaintiff's response materials. Under Civil L.R. 7(d), "[f]ailure to file a memorandum in

opposition to a motion is sufficient cause for the court to grant the motion." Further, under Civil L.R. 41(c), "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."

The plaintiff had forty-five additional days to respond to the defendants' summary judgment motion, but he has not done so or informed the court of any reason why he is unable to respond. His failure to oppose the defendants' motion for summary judgment is sufficient for the court to grant the motion, and his failure to diligently prosecute his case is sufficient for the court to dismiss it.

The court **DENIES** the plaintiff's motion for summary judgment based on his failure to comply with Civil L.R. 56. Dkt. No. 50.

The court **GRANTS** the defendants' motion for summary judgment based on the plaintiff's failure to oppose the motion. Dkt. No. 51. The court **DISMISSES** this case **without prejudice** under Civil L.R. 41(c) based on the plaintiff's failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin, this 29th day of November, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3